UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASIA CROOKS,<br>8341 Robson Street<br>Detroit, MI 48228-5614,<br><br>on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FROM THE HEART HOME HEALTH CARE, LLC,<br>c/o Marina Kourieh<br>21728 Sandra Theresa Drive<br>Macomb, MI 48044-6410<br><br>　　　　Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff, Asia Crooks, by and through counsel, for her Complaint against Defendant From the Heart Home Health Care, LLC, states and alleges the following:

**INTRODUCTION**

1.　Plaintiff brings this case as a "collective action" due to Defendant's failure to pay her and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all relevant times, Plaintiff was a United States citizen and a Wayne County, Michigan resident.

5. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all relevant times, Defendant maintained its principal place of business in Macomb County, Michigan.

7. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Plaintiff will file written consents to join this action as to Count One pursuant to 29 U.S.C. 216(b) when other individual plaintiffs execute them.

## FACTUAL ALLEGATIONS

12. Defendant operates a home healthcare service agency.

13. Defendant employed Plaintiff as a home health aide from approximately July 2020 through March 2022.

14. Defendant employed, and continues to employ, other similarly-situated employees as home health aides.

15. While employed by Defendant, Plaintiff and other similarly-situated employees were responsible for traveling to patients' homes, traveling to patients' medical appointments, and providing home care and health care assistance to patients.

16. Defendant employed Plaintiff and other similarly-situated employees as non-exempt employees under the FLSA.

17. Defendant paid Plaintiff and other similarly-situated employees an hourly wage.

### (Failure to Pay Overtime Compensation)

18. Plaintiff and other similarly-situated employees regularly worked over 40 hours per week.

19. Plaintiff worked, on average, approximately 45 to 50 hours per workweek.

20. Rather than paying overtime compensation, Defendant paid Plaintiff and other similarly-situated employees straight time for the hours they worked over 40 each workweek.

### (Failure to Keep Accurate Records)

21. Defendant failed to make, keep, and preserve records of the unpaid work that Plaintiff and other similarly-situated employees performed.

### (Defendant Willfully Violated the FLSA)

22. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings Count One of this action individually, pursuant to 29 U.S.C. 216(b), and on behalf of all similarly-situated individuals who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

24. The class that Plaintiff seeks to represent and for whom she seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former home health aides, and employees performing substantially similar duties to home health aides, employed by Defendant at any time in the three years preceding this action.

25. Time sheets and/or paystubs reflect some of the overtime hours Plaintiff and other similarly-situated employees worked.

26. Plaintiff estimate that on average she worked approximately 45-50 hours per week.

27. Plaintiff cannot currently state the potential class's exact size, but upon information and belief, avers that it consists of at least 15 persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. In bringing this action, Plaintiff is representing those other employees and their interests, as well as her own.

29. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may

readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT ONE

### (Fair Labor Standards Act Violations)

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

32. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

33. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees has been damaged in that they have not received overtime due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.   Issue an order permitting this litigation to proceed as a collective action;

B.   Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.   Award Plaintiff and the class she represents actual damages for unpaid overtime compensation and minimum wages;

D.   Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff and the class;

E.   Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F.   Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G.   Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jennifer L. McManus
Jennifer Lossia McManus (P65976)
Fagan McManus, P.C.
25892 Woodward Avenue

|  |  |
|---|---|
|  | Royal Oak, MI 48067-0910<br>Phone: (248) 542-6300<br>Fax: (248) 542-6301<br>jmcmanus@faganlawpc.com |
|  | Alanna Klein Fischer (Ohio 0090986)<br>Anthony J. Lazzaro (Ohio 0077962)<br>Lori M. Griffin (Ohio 00855241)<br>Matthew S. Grimsley (Ohio 0092942)<br>The Lazzaro Law Firm, LLC<br>The Heritage Bldg., Suite 250<br>34555 Chagrin Boulevard<br>Moreland Hills, OH 44022-1059<br>Phone: 216-696-5000<br>Facsimile: 216-696-7005<br>alanna@lazzarolawfirm.com<br>anthony@lazzarolawfirm.com<br>lori@lazzarolawfirm.com<br>matthew@lazzarolawfirm.com |
| March 28, 2022 | Plaintiff's Attorneys |

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

Respectfully submitted,

/s/ Jennifer L. McManus
Jennifer Lossia McManus (P65976)
Fagan McManus, P.C.
25892 Woodward Avenue
Royal Oak, MI 48067-0910
Phone: (248) 542-6300
Fax: (248) 542-6301
jmcmanus@faganlawpc.com

Alanna Klein Fischer (Ohio 0090986)
Anthony J. Lazzaro (Ohio 0077962)
Lori M. Griffin (Ohio 00855241)

8

                                        Matthew S. Grimsley (Ohio 0092942)
                                        The Lazzaro Law Firm, LLC
                                        The Heritage Bldg., Suite 250
                                        34555 Chagrin Boulevard
                                        Moreland Hills, OH 44022-1059
                                        Phone: 216-696-5000
                                        Facsimile: 216-696-7005
                                        alanna@lazzarolawfirm.com
                                        anthony@lazzarolawfirm.com
                                        lori@lazzarolawfirm.com
                                        matthew@lazzarolawfirm.com

March 28, 2022                                 Plaintiff's Attorneys